UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISAAC GARCIA | : | CASE NO. 3:05CV 1324 (WWE) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CRABTREE IMPORTS INC., | : | |
| D/B/A SHELTON MITSUBISHI *et al.*, | : | |
| | : | |
| Defendant. | : | |

## **RULING ON DEFENDANT'S MOTION TO DISMISS**

This case involves various contracts entered into between plaintiff, Isaac Garcia, and defendant, Crabtree Imports Inc., as part of plaintiff's attempt to purchase two vehicles from defendant, a car dealership.

The plaintiff seeks a declaratory judgment, an injunction, and actual, statutory and punitive damages and attorneys' fees for defendant's violation of the Truth in Lending Act, 15 U.S.C. §1601, *et seq*., and the Equal Credit Opportunity Act, 15 U.S.C. §1692 *et seq*. Plaintiff also seeks actual and punitive damages pursuant to the Connecticut Unfair Trade Practices Act (CUPTA), Conn. Gen. Stat. §42-110a *et seq*., and alleges breach of contract, fraud or violation of the common law, and for statutory damages pursuant to the Uniform Commercial Code and the Connecticut Retail Instalment Sales Financing Act.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted. More specifically, defendant alleges that plaintiff's complaint fails to contain a short plain statement of the claim showing that plaintiff is entitled to relief as required by Fed.R.Civ.P 8(a). Defendant also requests that the Court dismiss plaintiff's fraud claims on the grounds that the complaint does not plead those claims with particularity in violation of Fed.R.Civ.P. 9(b) and that the Court dismiss plaintiff's claims for special damages, because the complaint fails to specifically state what constitutes those special damages in violation of Fed.R.Civ.P. 9(g).

BACKGROUND

The following factual background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on this motion. The complaint alleges a "shell game" that the dealer played with the Hispanic plaintiff and his wife. In April, plaintiff and his wife each thought they bought a vehicle, one black and one white, from defendant. The purchase of the black vehicle also involved a trade-in vehicle. Defendant agreed to assume the outstanding lease payments on this trade-in vehicle. Plaintiff alleges that defendant sold the trade-in vehicle and did not make the remaining payments on the lease, for which plaintiff was subsequently billed, even though he no longer had possession of the vehicle. The purchase of the black vehicle was also financed by Wells Fargo. Nonetheless, plaintiff alleges that defendant informed him that he could not secure financing for the black vehicle on behalf of plaintiff. Consequently, based on defendant's claim that plaintiff was without the necessary financing, plaintiff had to return the vehicle, which he did. However, at this time, defendant refused to return the trade-in for the black vehicle to plaintiff.

Plaintiff and defendant also entered into two contracts for the white vehicle, one in April and a different one in May. These contracts on the white vehicle were entered into just before the payment on the black vehicle was due, even though this black vehicle had already been returned to defendant. Plaintiff alleges that defendant listed the trade-in on the black vehicle on the May contract for the white vehicle. Further, the cash price for the white vehicle in May was significantly increased over the sticker price and over the April contract price, despite defendant substituting the trade-in for the black vehicle on the contract for the white vehicle.

DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Upon review, this Court will not dismiss on the grounds that the complaint fails to state a claim for which relief can be granted and that the complaint fails to contain a short plain statement of the claim showing that the plaintiff is entitled to relief.  Nor will the court grant dismissal under the premise that the complaint does not plead the fraud claims with particularity or because the complaint fails to specifically state what precisely constitutes those special damages.

The Supreme Court confirmed that the Federal Rules of Civil Procedure do not permit the courts to dismiss claims for lack of factual specificity under Rule 12(b)(6). Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993).

Defendant argues that the complaint is vague and confusing and points specifically to the contradictory nature of ¶27 and ¶34.  The Court finds that in these two paragraphs plaintiff is clearly alleging that defendant obtained two different contracts for the same vehicle at different times (April and May).  Further, plaintiff alleges that defendant obtained two contracts on the white vehicle in order to cover up for the aforementioned actions regarding the black vehicle such that the plaintiff was required to return the black vehicle even though defendant failed to return the trade-in vehicle and pay off the remaining lease as agreed upon by the parties.   The Court finds that plaintiff's allegations in the complaint are sufficient to meet the "notice pleading"
requirement set forth in Fed.R.Civ.P 8(a).

Defendant asserts that plaintiff has not satisfied the particularity requirements of Fed.R.Civ.P 9(b).  Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Id. at 168.

Since fraud is not a necessary element of a state CUTPA claim, See Miller v. Appleby, 183 Conn. 51, 54-55 (1981), a plaintiff does not need to meet the heightened pleading requirements of Fed.R.Civ.P 9(b), when asserting a state CUTPA claim in federal court.  See Martin v. American Equity Ins. Co., 185 F.Supp.2d 162, 167 (D.Conn.2002).  The Court also finds that plaintiff's allegations in the complaint are sufficient to meet the added particularity requirement set forth in Fed.R.Civ.P 9(b).

Finally, this Court denies defendant's request to dismiss for failure to specifically state "special" damages.  Plaintiff does not specifically request any "special" damages in the complaint.  This court agrees with plaintiff that the alleged damages are "general" and are

related to and flow from the circumstances alleged in the complaint.  <u>Kerman v. The City of New York</u>, 374 F.3d 93, 130 (2d Cir. 2004).  Thus, this Court will also deny defendant's request for a motion to dismiss pursuant to Fed.R.Civ.P 9(g) on the grounds that plaintiff failed to "specifically state" the special damages claimed.

## CONCLUSION

For the foregoing reasons, construing the allegations in favor of plaintiff, the Court is not persuaded that plaintiff can prove no set of facts in support of his claims for relief.

Based on the foregoing, defendant's motion to dismiss [doc. #21] is DENIED.

SO ORDERED.


_____/s/_____
WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE


Dated this 14th day of June 2006 in Bridgeport, Connecticut.